948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Janice JOHNSON, Appellant.
 No. 89-3194.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 22, 1991.
 
 Before HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Janice Johnson challenges her conviction for possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). Johnson argues that she was seized in violation of her Fourth Amendment rights and that the facts do not show a clear and unequivocal consent to the search.
 
 
 5
 This court has rejected the notion that the Fourth Amendment is automatically implicated when a police officer initiates an encounter with a citizen he has no articulable reason to suspect of committing a crime. See United States v. Baskin, 886 F.2d 383, 386 (D.C.Cir.1989), cert. denied, 110 S.Ct. 1831 (1990); United States v. Winston, 892 F.2d 112, 117 (D.C.Cir.1989).
 
 
 6
 Here, viewing the totality of the circumstances, Johnson was not placed in a position in which a reasonable person, innocent of any crime, would not feel free to leave. Thus, Johnson's encounter with the police officers did not constitute a seizure implicating the Fourth Amendment.
 
 
 7
 The district court's ruling on consent may only be reversed if it was clearly erroneous. See United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Jackson v. United States, 353 F.2d 862, 865 (D.C.Cir.1965). A review of the record does not leave a "definite and firm conviction" that the district court committed a mistake in finding consent. See id.